IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ILYAS ABDULHADI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, et al. | : | NO. 15-585 |

ORDER

AND NOW, this 23rd day of May, 2016, upon consideration of the Report and Recommendation ("R & R") from the Honorable Richard A. Lloret (docket entry #18), and petitioner Ilyas Abdulhadi's objections thereto (docket entry #21), and the Court finding that:

(a)  Petitioner Abdulhadi filed his pro se petition for writ of habeas corpus in February of 2015, see Petition (docket entry #1)

(b)  On April 29, 2019, Judge Lloret issued his R & R[1] and recommended that we deny Abdulhadi's petition and decline to issue a certificate of appealability;

(c)  Abdulhadi objected to the R & R pursuant to Local Rule 72.1 IV(b), and we make de novo determinations of those portions of the report or specified proposed findings ore recommendations to which Abdulhadi objects;

(d)  We briefly rehearse the standards from the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governing our de novo review;

(e)  AEDPA permits persons in state custody to file a petition seeking the writ of habeas corpus in federal court, 28 U.S.C. § 2254(a), but mandates great deference to state courts' factual findings and legal determinations, see Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (explaining Section 2254(d)'s highly deferential standard for evaluating state court

---

[1] This delay is attributable to Abdulhadi's motion to stay pending the resolution of state court proceedings, which Judge Lloret considered before proceeding with his R & R.

rulings) and Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (explaining that AEDPA increased the deference federal courts must give to state courts' factual findings and legal determinations);

   (f) If a state court adjudicated a habeas petitioner's claims on the merits, then a federal court may not grant relief on those claims unless (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) the adjudication resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2);

   (g) A federal court evaluating a habeas petition may only grant the writ under 28 U.S.C. § 2254(d)(1) if the state court arrived at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decided a case differently that the Supreme Court on a set of materially indistinguishable facts, Hameen v. State of Delaware, 212 F.3d 226, 235 (3d Cir. 2000) (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000));

   (h) An unreasonable application inquiry requires us to ask whether the state court's application of clearly established law was objectively unreasonable, id., but an unreasonable application differs from an incorrect application, and we may not grant relief unless the state court's incorrect or erroneous application of clearly established law was also unreasonable, Werts, 228 F.3d at 196;

   (i) Under 28 U.S.C. § 2254(d)(2), we may not grant a state prisoner's application for habeas relief on a claim already adjudicated on its merits in state court unless the

adjudication resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding;

(j)     Abdulhadi asserts that Judge Lloret erred when he found that Abdulhadi's claim on a proposed jury instruction was barred by procedural default, that said argument is nonetheless meritless, and that Abdulhadi's ineffective assistance of counsel claims are similarly without merit, see, e.g., Obj. (docket entry #21);

(k)     We review Abdulhadi's objections in turn;[2]

(l)     Abdulhadi first objects to Judge Lloret's finding that Abdulhadi's argument regarding jury instructions is both procedurally defaulted and meritless, arguing that he did not waive this claim in state court and that the jury instructions violated his due process rights when the trial court judge informed the jury that Abdulhadi's case was not a death penalty case;

(m)     While we make no determination as to whether this claim is procedurally defaulted, we do find that it lacks merit;

(n)     Abdulhadi avers that Pennsylvania's statute concerning first degree murder charges does not allow a judge or prosecutor "to make a pretrial determination that a charge rising to the level of murder of the first degree cannot be punished by death as a matter of law," Obj. at 10;

(o)     The Superior Court found that this argument lacked merit, noting that the statute in question states that "a person who has been convicted of murder in the first degree…shall be sentenced to death or to a term of life imprisonment…" 18 Pa.C.S. § 1102(a)(1)

---

[2] We need not recite the facts in this matter, as Judge Lloret thoroughly detailed the factual and procedural history of this matter in his R & R, and Abdulhadi does not object to this portion of the R & R.

(emphasis added), and held that this statute clearly allows the Commonwealth to try an individual for first-degree murder even if it is not seeking the death penalty, Commonwealth v. Abdulhadi, No. 3309 EDA 2013, at 3 (Pa. Super. Ct. Sept. 25, 2014);

      (p)     As we are not permitted to reexamine state court determinations on state law questions in federal habeas proceedings, see Estelle v. McGuire, 502 U.S. 62, 67 (1991), we find that Abdulhadi's claim for habeas relief on this ground is meritless;

      (q)     We similarly overrule Abdulhadi's objection to Judge Lloret's finding that Abdulhadi's ineffective assistance of counsel claim lacks merit, as Abdulhadi avers that his counsel was ineffective for failing to object to the trial court judge's pretrial jury instructions;

      (r)     Since we find that these instructions were not erroneous, we cannot find that Abdulhadi's counsel was ineffective for failing to object to them;[3] and

      (s)     We will therefore deny Abdulhadi's pro se petition for habeas relief.

---

[3] The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), set out a two-prong test for determining whether a criminal defendant has suffered a violation of his constitutional rights by having ineffective assistance of counsel. First, a habeas petitioner must show that his counsel's performance was deficient, meaning that the representation failed to meet an objective standard of reasonableness "as defined by 'prevailing professional norms.'" Saranchak v. Sec'y Pa. Dep't of Corr., 802 F.3d 579, 588 (3d Cir. 2015) (quoting Outten v. Kearney, 464 F.3d 401, 414 (3d Cir. 2006)). Second, a petitioner must show prejudice, meaning that he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Abdulhadi's claim fails on the first prong, as his trial counsel could not have been deficient for failing to object to jury instructions when the jury instructions were proper.

It is hereby ORDERED that:

1. The Report and Recommendation (docket entry #18) is APPROVED and ADOPTED;

2. Petitioner Ilyas Abdulhadi's objections (docket entry #21) are OVERRULED;

3. Petitioner Ilyas Abdulhadi's petition (docket entry #1) is DENIED with prejudice and without an evidentiary hearing;

4. Petitioner's motion for stay and abeyance (docket entry #12) is DENIED with prejudice;[4]

5. We DECLINE to issue a certificate of appealability;[5] and

6. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.

---

[4] Abdulhadi does not object to Judge Lloret's disposition of this motion.
[5] A certificate of appealability should issue only when reasonable jurists could disagree with our ruling, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), and that is not the case here.

5